UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, DIVISION

| | |
|---|---|
| Clinton Lee Power, <br>     Plaintiff, | * <br> * <br> * |
| Vs. | *    Case No.: 3:23-cv-1194-BJD-MCR <br> * |
| Ricky D. Dixon, <br> Jeffery McClellan, <br> S. Tollick, <br>     Defendants. | *    JURY TRIAL DEMANDED <br> * <br> * <br> * <br> */ |



RECEIVED BY
UNION CORRECTIONAL INSTITUTION
OCT 0 5 2023
FOR MAILING

## CIVIL RIGHTS 1983 COMPLAINT

This cause comes forth before the court upon pro se plaintiff Clinton Lee Powers' civil rights complaint filed pursuant to 42 U.S.C. § 1983.[1]

Plaintiff alleges that defendants Dixon, McClellan, and Tollick knowingly, willfully, and maliciously violated his constitutionally protected rights by (1) denying him of due process[2], (2) discriminating against him, and (3) denying him equal protection[3], all in violation of the Fourteenth U.S. Constitutional

---

1 *Gomes vs. Toledo*, 446 U.S. 635, 640 (1980); *West vs. Atkins*, 487 U.S. 42 (1988).
2 *Hamdi vs. Rumsfeld*, 542 U.S. 507, 533 (2004); *Logan vs. Zimmerman Brush Co.*, 455 U.S. 422, 437 (1982); *Goss vs. Lopex*, 419 U.S. 565 (1975).
3 *City of Cleburne, Tex. vs. Cleburne Living Center*, 473 U.S. 432 (1985); *Leevan vs. Smith*, 100 F.3d 644, 652 (8th Cir. 1996).

1

Amendment.

As grounds for relief, the plaintiff states the following in support thereof:

## JURISDICTION

The United States District Court has jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. §1331(a).

Furthermore, the Middle District of Florida – Jacksonville Division – is, in accordance with 28 U.S.C. §1391(b)(2), the appropriate venue of litigation as said claims herein this complaint occurred within this court's jurisdiction

## PARTIES INVOLVED

| | | |
|---|---|---|
| 1. | Plaintiff:<br>Address: | Clinton Lee Powers #123014<br>Union Correctional Institution<br>P.O. Box 1000<br>Raiford, Florida 32083 |
| 2. | Defendant:<br>Position:<br>Address:<br><br>Capacity: | Ricky D. Dixon<br>Secretary Fla. Dept. of Corr.<br>501 South Calhoun Street<br>Tallahassee, Florida 32399-2500<br>*OFFICIAL |
| 3. | Defendant:<br>Position: | Jeffery McCellan<br>Asst. Warden of Programs |

|   |   |   |
|---|---|---|
|   | Address: | Florida State Prison<br>P.O. Box 800<br>Raiford, Fla. 32083-0800 |
|   | Capacity: | *INDIVIDUAL |
| 4. | Defendant:<br>Position:<br>Address: | S. Tollick<br>Sergeant<br>Florida State Prison<br>P.O. Box 800<br>Raiford, Fla. 32083-0800 |
|   | Capacity: | *INDIVIDUAL |

Defendant Ricky D. Dixon was informed of the constitutional violations expressed within this complaint via various appeals and grievances[4] but failed to correct said violations when it was within his unilateral authority to do so. As the Secretary of the Fla. Dept. of Corr., Defendant Dixon is responsible for the enforcement of all State and Federal laws, rules, and regulations. Failure to correct said violations after being informed by the Plaintiff via grievances indicts Defendant Dixon of "failure to act" as the Seventh Circuit has ruled "Supervisors could be held liable for knowing failure to enforce prison policy", *Goka v. Bobbitt*, 862 F.2d 646, 651-52 (7th Cir. 1988).

Defendant Jeffery McClellan was informed of said constitutional violations through various appeals[4], but failed to remedy said violations. As the Assistant Warden of programs at Florida State Prison, Defendant Mclellan has a statutory

---

[4] *Johnson vs. Pearson*, 316 F.Supp. 2D 307, 317-18, n.8 (E.D.VA. 2004).

responsibility to "enforce all orders, rules, and regulations"[5] of the institution he is assigned to. Defendant McClellan directly participated in the violations mentioned herein said complaint by his intentional denial to enforce the regulations of the institution and enforcing an unwritten policy to not give inmates their tablets while on CM-I and CM-II at Florida State Prison. The Eleventh Circuit stated in *Greason v. Kemp*[6] that "[A] supervisor can be held liable under section 1983 when a reasonable person in the supervisor's position would have known that his conduct infringed the constitutional rights of the plaintiff." Defendant McClellan is liable for his knowing the Departmental regulations permitting inmates on CM-I and CM-II to have their tablets yet ignoring said rules and denying plaintiff his rights to have said tablet.

Defendant S. Tollick was informed of said constitutional violations as well as an approved appeal[7] to have his tablet while on CM-I and CM-II, but failed to acknowledge said violations or correct them. Defendant Tollick's knowledge of the constitutional violations were enough to require her to exercise her authority and take the necessary action to rectify the violations. Because Defendant Tollick failed

---

5  Florida Statute § 944.02 & § 944.14(2).
6  891 F.2d 829, 836 (11th Cir. 1990).
7  Administrative Appeal #23-6-13893. On May 5, 2023 the Secretary of the Fla. Dept. of Corr. approved a separate appeal filed by the plaintiff to have his tablet. However Defendants McClellan and Tollick refuse to provide plaintiff his tablet in the face of said approved appeal by the Secretary.

4

to take action in the face of a constitutional wrong, he is therefore liable for suite under section 1983.

Pursuant to the United State's Supreme Court Decision in *West v. Atkins*, 487 U.S. 42 (1988), all Defendants mentioned herein said complaint are liable for action under 42 U.S.C. § 1983 as they all acted under color of State Law.

## FACTUAL ALLEGATIONS

1. On October 6th, 2022 the Florida Department of Corrections promulgated a newly revised edition of rule 33-601.800 which governs Close Management, and the privileges granted to each of the three Close Management levels within this particular housing status, i.e., CM-I, CM-II, CM-III.

2. The purpose for this new rule change was due to the Fla. Dept. of Corrections' discontinuation of all incoming routine mail in an effort to control the steady influx of contraband being sent into the institutions via letters, stamps, and greeting cards. This was done, state wide, throughout all of the Fla. Dept. of Corrections. As an alternative, the Fla. Dept. of Corrections merged with Jpay/Securus to have all incoming routine mail digitized and subsequently scanned onto every inmates personal JP6 tablets that was issued to all inmates

by the Fla. Dept. of Corrections.

3. It is with these particular tablets that inmates within the Fla. Dept. of Corrections receive their mail either through said letters and cards addressed to an inmate being sent to the inmate service center in Tampa, Florida to be digitized and scanned onto that inmates tablet, or via an email sent by whomever is assigned to the inmates Jpay/Securus email list.

4. Those inmates who are indigent and unable to purchase stamps, paper, pen, and envelopes from the inmate canteen to write their family or respond back to their letters or emails, rely upon their family to provide them with email stamps ("e-stamps") which are placed upon their tablets.

5. Upon issuing this new rule change in October 2022 which permits all inmates within the Close Management Units to possess their tablets regardless of their Close Management Level, i.e., CM-I, CM-II, CM-III, the defendant's refuse to issue plaintiff his personal tablet in spite of the rules permitting him to have it.

6. Every inmate who is on CM-III at Florida State Prison has their tablet, and has access to all available programs pre-programmed onto said tablets.

7. Every inmate in other institutions across the State who is housed on Close Management has their tablets on CM-I and CM-II as permitted by the new rule change.

6

8. It is only at Florida State Prison that Defendants are refusing to give plaintiff his tablet on CM-I/CM-II in violation of plaintiff's rights as mentioned herein.

## EXHAUSTION REQUIREMENTS

Pursuant to the Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e(a) the plaintiff asserts that he has fully exhausted all available administrative remedies as mandated under *Chandler vs. Crosbey*, 379 F.3d 1278, 1287 (11th Cir. 2004); *Porter vs. Nussle*, 534 U.S. 516, 524 (2002); *Booth vs. Churner*, 532 U.S. 731 (2001); and *Jones vs. Bock*, 549 U.S. 199 (2007). See also exhibit attachments (A), (B) & (C).

## RIGHTS VIOLATES

Under the Fourteenth U.S. Constitution, Plaintiff has the right to (1) Due Process, (2) the right to be free from discrimination, and (3) the right to the equal protection of the law.

Plaintiff contends that the defendants have violated these rights by their blatant refusal to provide him with his tablet as outlined in Exhibits (A), (B), & (C).

# I.
# DEFENDANTS VIOLATED THE PLAINTIFF'S PROCEDURAL DUE PROCESS RIGHTS

The Due Process Clauses prohibits governments including prison officials, from depriving inmates of life, liberty, or property without due process of law.

Plaintiff contends that Defendants Dixon, McClellan, and Tollick violated his due process rights by denying him of his personal property, i.e., tablet, without conducting a hearing.

Florida Administrative Code Rule 33-601.800(12)(a)(b) States:

> (12) Suspension of Privileges. The ICT[8] shall suspend or limit an inmate's privileges if security and safety concerns would preclude an inmate from receiving certain privileges.
>
> (a) When a disciplinary report has been written and the hearing is pending, staff shall complete the Close Management Privilege Suspension Request, Form DC6-163, to suspend privileges between the time the disciplinary report is written and the hearing is held.
>
> (b) Any action taken by the ICT regarding the suspension or limiting of privileges will be documented on Form DC6-229. Privileges suspended by the ICT in excess of 30 days will require the review and approval of the SCO[9].

Before any privileges can be taken from an inmate a hearing must be held by the ICT review board which consists of "the Warden or Asst. Warden, Classification Supervisor, Chief of Security, and other members as necessary when appointed by

---

8 ICT means Institutional Classification Team.
9 SCO means State Classification Office.

the Warden".[10] Defendants refuse to provide plaintiff with his tablet stating that the tablet is a privilege not a right.[11] Refusing to provide plaintiff his tablet without a hearing, to take said tablet, is a violation of plaintiff's due process rights pursuant to said rules above. As ICT has not suspended the Plaintiff's privileges, i.e., tablet/kiosk services.

Plaintiff further contends that he has not received a disciplinary report ("DR") in over a year, his last DR was in October 2022.

Pursuant to rule 33-601.308(4)(c) "If [an] inmate is found guilty [of a disciplinary report] the disciplinary team shall impose any one or a combination of the sanctions set forth below... (c) Suspend any or all routine mail, in person visitation, kiosk, tablet, eCommunication, or video visitation privileges for a period not to exceed 180 days. This alternative is available <u>only when</u> the infraction cited is a violation of offense 9-14, 9-15, 9-41, 9-42, 9-43, or 9-44 listed in Rule 33-601.314, or when the evidence in a disciplinary report related to another offense clearly indicates that the cited infraction occurred during the inmate's exercise or utilization of routine mail, in person visitation, kiosk, tablet, eCommunication, or video visitation privileges".

These privileges can only be suspended when an inmate has received a DR for a

---

10 Rule 33-601.800(1)(g)
11 Exh. "A" Informal Grievance (Log #205-2308-0426).

9

violation of the tablet/kiosk privileges. And these privileges can only be suspended in the face of a hearing.

Plaintiff (1) has received no such hearings from the ICT review board nor any notice of any suspended privileges, and (2) he has not received any DR for violating any tablet/kiosk rules.

Plaintiff's tablet privileges should not have been taken without a proper hearing.

The United State's Supreme Court made it emphatically clear in *Wolff v. McDonnell*[12] that "Part of the function of notice [in reference to due process] is to give the [Plaintiff] a chance to marshal the facts in his defense and to clarify what the [rules against him] are".

The Defendants did not serve notice to the Plaintiff prior to taking leave to suspend his tablet privileges. In lieu of said procedural hearing, the Defendants are justifying their unlawful actions by claiming that there is no wireless wi/fi network in the Plaintiff's housing area.[13] As Plaintiff shall prove through discovery, this excuse is not feasible. It is an out right lie.

Defendants have, and continue to, violate the Plaintiff's due process rights by taking his tablet privileges without the proper procedure hearings in accordance to clearly established law.

---

12 418 U.S. 539, 564 (1974).
13 Exh. "A" Informal Grievance (Response).

# II. DEFENDANTS VIOLATED PLAINTIFF'S EQUAL PROTECTION OF THE LAW

Plaintiff contends that Defendants violated his equal protection of the law by discriminating against him while allowing other similarly situated inmates to have what he is being prohibited.

Plaintiff is on CM-I/CM-II.[14] Close Management is "the separation of an inmate apart from the general population, for reasons of security or the order and effective management of the institution, when the inmate, through his or her behavior, has demonstrated an inability to live in the general population without abusing the rights and privileges of others".[15]

Close Management is not punitive in nature and those who are confined to any one of the three levels of its program is authorized specific privileges.

Each level of Close Management permits its inmates the following privileges:

Close Management (CM) I[16]

1. Inmates in CM-I may participate in in-cell educational opportunities.

2. Inmates in CM-I may check out three soft cover books from the library at least once per week.

---

14 CM means Close Management.
15 Rule 33-601.800 (1)(a) F.A.C.
16 Rule 33-601.800 (11)(a), (b) F.A.C.

3. Inmates in CM-I may conduct routine inmate banking transactions.

4. Inmates in CM-I may subscribe to, purchase, or receive no more than one periodical.

5. Inmates in CM-I may make one telephone call every 30 days for 30 minutes.

6. Inmates in CM-I shall be eligible to receive one two-hour non-contact visit.

7. Inmates in CM-I are permitted access to kiosks, kiosk services, or tablet services. Access shall be limited to free books and games, educational materials, programs, religious materials, incoming secure mail with attachments, wellness materials, and scanned routine mail.

Close Management (CM) II & III[17]

Inmates in CM-II & CM-III have all the same privileges, are equally subject to the rules governing Close Management.[18] Every inmate on Close Management is similarly situated in that they are all on CM. The fact that other institutions in Florida allow CM-I and CM-II inmates to have their tablets shows these institutions are in compliance with the Departments rules. The fact that the Defendants refuse to provide the plaintiff his tablet in the face of the rules permitting him to have his tablet, and an approved grievance is a clear indication that the Defendants are discriminating against him by treating him differently then

---

17 Rule 33-601.800 (1)(c), (d).
18 Rule 33-601.800.

other similarly situated inmates.

Defendants cannot demonstrate to this court that their denial of Plaintiff's tablet bears a rational relationship to any legitimate governmental purpose as they are required to do according to *Village of Arlington Heights vs. Metropolitan Housing Development Corp.*[19]

As the Eighth Circuit Court of Appeals has stated in *Lewis vs. Jacks*[20] "Discriminatory purpose and circumstantial evidence but is most often proved with evidence that similarly situated inmates were treated differently".

Plaintiff contends that he has proven and can continue to further prove through discovery process that the Defendants have and continue to discriminate against the plaintiff by denying him his tablet while on CM-I and CM-II.

## CONCLUSION

Plaintiff concludes that the Defendants have treated him differently than other similarly situated inmates on Close Management, denying him his tablet while allowing others to have their tablet.

Plaintiff further concludes that Defendants have denied him due process by taking the Plaintiff's tablet privileges without first conducting a hearing in accordance

---

19 429 U.S. 252, 264-65, 97 S.Ct. 555 (1977).
20 486 F.3d 1025, 1028 (8th Cir. 2008).

with due process requirements.

For this cause Plaintiff moves this court to open discovery to allow the Plaintiff to gather further evidence to substantiate his claims that Defendants are violating his Constitutional rights.

## RELIEF REQUESTED

WHEREFORE, plaintiff requests that this court grant the following relief:

A. Issue a declaratory judgment stating that:

1. The due process being denied plaintiff by defendants Dixon, McClellan, and Tollick violated the plaintiff's rights under the Fourteenth Amendment to the United State's Constitution.

2. Defendant Tollick's failure to take action to curb the Constitutional violations against plaintiff violated the plaintiff's rights under the Equal Protection of the Law under the Fourteenth Amendment to the United State's Constitution.

3. Defendant McClellan's failure to conduct an ICT hearing to review plaintiff's privileges prior to taking his tablet privileges violated the plaintiff's due process under the Fourteenth Amendment to the Untied State's Constitution.

4. Defendant Dixon's actions in failing to enforce Defendant's McClellan and Tollick to comply with the Department's own regulations which allows the

Plaintiff to have his tablet violated the Plaintiff's due process rights under the Fourteenth Amendment to the United States Constitution.

B. Issue an Injunction ordering defendants Dixon, McCellan, and Tollic to:

1. Immediately issue the plaintiff his tablet irrespective of his Close Management (CM) level.

2. Immediately activate his tablet and provide all available programs he is allowed to have per rule 33-601.800 F.A.C.

3. Carry out, without delay, this court's order.

C. Award punitive damages in the following amount:

1. $3,000.00 each against defendants Dixon, McClellan, and Tollick.

D. Other relief.

1. Order defendants to pay all court costs and fees associated with this case.

2. Order the defendants to not counter sue plaintiff.

3. Order defendants to issue a memorandum stating that Plaintiff is permitted to have his tablet while on CM-I/CM-II.

4. Grant any other such relief as it may appear that plaintiff is entitled.

10-5-2023
Date

/s/ Clinton Lee Powers
Clinton Lee Powers #123014
Plaintiff
Union Correctional Institution
P.O. Box 1000
Raiford, Florida 32083

## SWORN AFFIDAVIT

Pursuant to 28 U.S.C. §1746 I, Clinton Lee Powers, hereby affirm under penalties of perjury that the contents of this Civil Rights 1983 Complaint are true and correct as written.

10-15-2023
Date

/s/ Clinton Lee Powers
Clinton Lee Powers # 123014
Plaintiff
Union Correctional Institution
P.O. Box 1000
Raiford, Florida 32083